UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

 ORIGINAL

-------------------------------------------------- 2012 NOV 14 ×PM 12: 27

EON PEMBERTON,

U.S. DISTRICT COURT
EASTERN DISTRICT
Plaintiff, NEW YORK

**COMPLAINT**

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL MCMANUS, shield # 11200, JOHN DOES 1-
3,

CV 12 - 5609

Jury Trial Demanded

Defendants.

MATSUMOTO, J.

-------------------------------------------------- x

POHORELSKY, M.J.

## PRELIMINARY STATEMENT

1.      Plaintiff, a 26 year-old man without a criminal record, brings this civil

rights action against the City of New York and several New York City Police Officers alleging

that, on July 8, 2012, at approximately 12:00 a.m., defendants violated his rights under 42 U.S.C.

§ 1983, the First, Fourth and Sixth Amendments to the United States Constitution and New York

state law by retaliating against him for engaging in free speech, falsely arresting him, using

unreasonable force on him, denying him a fair trial and maliciously prosecuting him. False

charges of disorderly conduct and resisting arrest were dismissed on speedy trial grounds on

October 9, 2012. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs

and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth

and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of false arrest, assault, battery, malicious prosecution and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York resides in and is subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City within 90 days of the arrest of plaintiff, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## PARTIES

7. Plaintiff is a resident of Brooklyn.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. The individual defendants are members of the New York City Police Department ("NYPD"). The individual defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The individual defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The individual defendants are sued in their individual capacities.

2

## STATEMENT OF FACTS

10.    On July 8, 2012, at approximately 12:00 a.m., in the lobby of 1522 Sterling Place in Brooklyn, an unidentified NYPD sergeant used a taser on plaintiff because plaintiff questioned the sergeant's use of profanity toward him.

11.    The taser injured plaintiff and caused him extreme pain.

12.    At no time did plaintiff commit a crime or violation, engage in suspicious activity, or threaten or assault the sergeant.

13.    The sergeant and other NYPD officers, including Michael McManus, subsequently seized plaintiff.

14.    The sergeant handcuffed plaintiff excessively tight causing plaintiff to suffer pain, bruising and swelling.

15.    Defendants took plaintiff to the 77th Precinct where they falsely charged plaintiff with disorderly conduct and resisting arrest.

16.    Plaintiff was eventually taken to Brooklyn Central Booking.

17.    While plaintiff was held in Brooklyn Central Booking, defendants, acting in concert, misrepresented to prosecutors that plaintiff was disorderly and resisted arrest.

18.    Officer McManus assisted in the creation of a criminal court complaint charging plaintiff with disorderly conduct and resisting arrest.

19.    Plaintiff was arraigned in Criminal Court, Kings County, approximately 24 hours after his arrest and was released on his own recognizance.

20.    Plaintiff appeared in court several times after his arraignment.

21.    The false charges of disorderly conduct and resisting arrest were dismissed on speedy trial grounds on October 9, 2012.

3

22.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was

incarcerated and suffered a loss of liberty, emotional distress, fear, anxiety, embarrassment,

humiliation and pain and physical injuries.  Plaintiff received medical treatment at Kings County

Hospital on July 8, 2012.  Plaintiff did not receive mental health treatment as a result of

defendants' conduct.

## FIRST CLAIM

## (VIOLATIION OF RIGHT TO FREE SPEECH)

23.     Plaintiff repeats the foregoing allegations.

24.     Plaintiff's use of free speech, as described herein, was a motivating factor

in defendants' decisions to violate his civil rights.

25.     Accordingly, defendants are liable to plaintiff under the First Amendment

for violating his right to free speech.

## SECOND CLAIM

## (FALSE ARREST)

26.     Plaintiff repeats the foregoing allegations.

27.     At all relevant times, plaintiff did not commit a crime or violation.

28.     Despite plaintiff's innocence, defendants arrested plaintiff.

29.     Accordingly, the defendants are liable to plaintiff under the Fourth

Amendment for false arrest.

## THIRD CLAIM

## (UNREASONABLE FORCE)

30.     Plaintiff repeats the foregoing allegations.

31.     Defendants' use of force upon plaintiff was objectively unreasonable and

caused plaintiff pain and injuries.

4

32.    Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## FOURTH CLAIM

### (DENIAL OF A FAIR TRIAL)

33.    Plaintiff repeats the foregoing allegations.

34.    Defendants' misrepresentations about plaintiff to prosecutors deprived plaintiff of liberty because plaintiff was required to appear in court after his arraignment.

35.    Accordingly, defendants are liable to plaintiff under the Sixth Amendment for denying him a fair trial.

## FIFTH CLAIM

### (MALICIOUS PROSECUTION)

36.    Plaintiff repeats the foregoing allegations.

37.    Defendants maliciously misrepresented to prosecutors that plaintiff was disorderly and resisted arrest and initiated a prosecution against him or played a role in initiating a prosecution against him.

38.    Defendants' misrepresentations deprived plaintiff of liberty because he was required to appear in court several times after his arraignment.

39.    The criminal case filed against plaintiff was ultimately dismissed.

40.    Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for malicious prosecution.

## SIXTH CLAIM

### (FAILURE TO INTERVENE)

41.    Plaintiff repeats the foregoing allegations.

5

42.    Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

43.    Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights

### SEVENTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

44.    Plaintiff repeats the foregoing allegations.

45.    The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

46.    The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

47.    Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

48.    In addition to frequently violating the civil rights of countless residents of New York City, numerous members of the NYPD commit crimes. Officers have been arrested and convicted of such crimes as planting evidence on suspects, falsifying police reports, perjury, corruption, theft, selling narcotics, smuggling firearms, robbery, fixing tickets, driving under the influence of alcohol, vehicular homicide, assault and domestic violence. In fact, former NYPD Commissioner Bernard Kerik was convicted of corruption-related crimes in federal and state court and served time in federal prison. In 2011, Brooklyn South narcotics officer Jerry Bowens was convicted of murder and attempted murder in Supreme Court, Kings

6

County, while under indictment for corruption and is presently serving a life sentence. In 2011, Police Officer William Eiseman and his subordinate Police Officer Michael Carsey were convicted of felonies in Supreme Court, New York County, for lying under oath, filing false information to obtain search warrants and performing illegal searches of vehicles and apartments. On March 27, 2012, New York City Police Officer Michael Pena was convicted in Supreme Court, New York County, of sexually assaulting a woman at gunpoint and is presently serving a sentence of 75 years to life.

49.    In October 2011, former Brooklyn South narcotics officer Jason Arbeeny was convicted in New York Supreme Court, Kings County, of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintain a "cowboy culture" and that he was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

50.    At least one federal court has recognized that there is widespread falsification by members of the NYPD. In *Colon v. City of New York,* Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL 4263362 (E.D.N.Y. November 25, 2009), the court stated that an "[in]formal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

51.    Another federal court held in *Floyd v. City of New York,* 08 Civ. 1034 (S.D.N.Y. May 16, 2012) that the City of New York's and the NYPD's "cavalier attitude

7

towards the prospect of a 'widespread practice of suspicionless stops' displays a deeply troubling apathy towards New Yorkers' most fundamental constitutional rights."

52.     Despite the above, the City exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

53.     The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## EIGHTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

54.     Plaintiff repeats the foregoing allegations.

55.     At all relevant times, plaintiff did not commit a crime or violation.

56.     Despite plaintiff's innocence, the defendants arrested plaintiff.

57.     Accordingly, the defendants are liable to plaintiff under New York state law for false arrest.

## NINTH CLAIM

### (ASSAULT)

58.     Plaintiff repeats the foregoing allegations.

59.     Defendants' seizure and use of force on plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

60.     Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## TENTH CLAIM

### (BATTERY)

61.     Plaintiff repeats the foregoing allegations.

8

62.     Defendants' seizure and use of force on plaintiff constituted offensive and nonconsensual physical contacts which injured him.

63.     Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## ELEVENTH CLAIM

### (MALICIOUS PROSECUTION UNDER STATE LAW)

64.     Plaintiff repeats the foregoing allegations.

65.     Defendants maliciously misrepresented to prosecutors that plaintiff was disorderly and resisted arrest and initiated a prosecution against him or played a role in initiating a prosecution against him.

66.     The criminal case filed against plaintiff was ultimately dismissed.

67.     Accordingly, the defendants are liable to plaintiff under New York state law for malicious prosecution.

## TWELFTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

68.     Plaintiff repeats the foregoing allegations.

69.     Defendants were acting within the scope of their employment as members of the NYPD when they falsely arrested, assaulted, battered and maliciously prosecuted plaintiff.

70.     Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for false arrest, assault, battery and malicious prosecution.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.      Compensatory damages in an amount to be determined by a jury;

9

b.   Punitive damages in an amount to be determined by a jury;

c.   Attorney's fees and costs;

d.   Such other and further relief as the Court may deem just and proper.

DATED:    November 14, 2012

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)